UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

AMBER GUL, *on behalf of her*                           CIVIL ACTION
*minor child E.M.*


v.                                                     NO. 21-13


4040 TULANE AVENUE, LLC, ET AL.                        SECTION "F"


ORDER AND REASONS

Before the Court are three motions: (1) the plaintiff's motion for leave to file an amended complaint that would nullify federal jurisdiction by joining a nondiverse defendant, (2) the plaintiff's associated motion to remand, and (3) the defendants' motion to dismiss the plaintiff's claims against the heretofore fictitiously named defendant who the plaintiff now moves to name in an amended complaint.   For the reasons that follow, the plaintiff's motions are GRANTED, and the defendants' motion is DENIED AS MOOT.

**Background**

The father of the plaintiff's daughter[1] was killed when he fell six stories from a rail-less balcony on the exterior of the

---

[1]   As the caption of this opinion notes, the plaintiff's minor daughter is the true party in interest on the plaintiff's side of this case.  The plaintiff, Amber Gul, seeks survival and wrongful-death damages on her daughter's behalf.

1

defendants' New Orleans building.   At issue in this premises liability case is whether the defendants[2] are liable for that tragedy.

The plaintiff sued the defendants in Louisiana state court on December 16, 2020.  On January 6, 2021, the defendants removed the case to this Court on the basis of diversity jurisdiction.  Later that month, the plaintiff moved for jurisdictional discovery into the identity and citizenship of the building manager originally named as "Jane Doe."  To head off the jurisdictional challenge that would almost certainly accompany the defendants' confirmation that "Jane Doe" was in fact a Louisiana citizen named Diane Lee, the defendants moved to dismiss the plaintiff's claims against "Jane Doe" under Rule 12(b)(6) and the improper joinder doctrine. In that motion, the defendants unequivocally confirmed that "Jane Doe's" true identity is that of Diane Lee.

---

[2]    The defendants in this case are the building (4040 Tulane Avenue, LLC, doing business as "Fountainbleau Self Storage"), the building's owner (Absolute Storage Management, Inc.), the building's insurer (Indemnity Insurance Company of North America, doing business as "Chubb"), and the building's manager (the fictitiously named "Jane Doe").  The plaintiff was forced to name the manager a "Jane Doe" defendant when the defendants refused to disclose the manager's true identity in spite of being informed that the plaintiff would be suing the manager one way or another. Only when they thought her self-serving affidavit would gain them some advantage on their motion to dismiss did the defendants identify the building manager.   This kind of gamesmanship is counterproductive and may implicate 28 U.S.C. § 1927.

Because it is undisputed that Diane Lee and the plaintiff share Louisiana citizenship for purposes of diversity jurisdiction, both the plaintiff's motion to remand and the defendants' motion to dismiss hinge on the Court's resolution of the plaintiff's motion for leave to amend her complaint to formally name Diane Lee as a defendant.[3]

I.

As such, the Court's analysis focuses entirely on the plaintiff's motion for leave to amend.

A.

When "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See 28 U.S.C. § 1447(e).

The Court's analysis on that issue begins and ends with a weighing of the factors set forth by the Fifth Circuit in Hensgens v. Deere & Co. See 833 F.2d 1179 (5th Cir. 1987). In that case, the court of appeals instructed the district courts in this circuit to consider four factors in deciding whether to allow the post-removal joinder of a nondiverse defendant whose addition would destroy diversity jurisdiction. See id. Specifically, a court must consider (1) "the extent to which the purpose of the amendment

---

[3]   The plaintiff's proposed amendment would also buttress her claims against Lee.

3

is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." Id. at 1182. The presence or absence of any such factor is not dispositive; instead, each factor must be weighed in the district court's exercise of its discretion "to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." See id.; Schindler v. Charles Schwab & Co., 2005 WL 1155862, at *4 (E.D. La. May 12, 2005). All the while, the district court must account for Rule 15's instruction that a "court should freely give leave [to amend the pleadings] when justice so requires." See FED. R. CIV. P. 15(a)(2).

B.

Here, the Hensgens factors weigh squarely in the plaintiff's favor. As this Court once held in a similar scenario, when a plaintiff seeks to substitute a "Jane Doe" defendant for an actual individual whom the plaintiff initially failed to identify through no fault or dilatory conduct of its own, the plaintiff "is not *adding* a new defendant; rather, she is *naming* the defendant against whom she has asserted her claims all along." See Tobin v. Lab'y Corp. of Am., 2015 WL 13543988, at *2 (E.D. La. Oct. 21, 2015) (Feldman, J.). Here, as there, the "purpose of the [proposed]

amendment is to name the correct party, not to defeat diversity jurisdiction." <u>See</u> <u>id.</u>

The equities favor the plaintiff's proposed amendment in this instance as well – indeed, if any side has engaged in dilatory conduct or naked jurisdictional gamesmanship, it is not the plaintiff, but *the defendants*.[4] By the defendants' own admission, defense counsel refused to provide plaintiff's counsel with the building manager's identity because that was "information [plaintiff's counsel] could have easily obtained on their own." <u>See</u> Defs.' Opp'n to Pl.'s Mot. for Leave to Amend at 8. Perhaps they could have; but should they have needed to? And wouldn't a motion to dismiss state-law claims against a *real* individual in *state* court be equally or more efficient than a motion to dismiss state-law claims against a *fictitious* individual in *federal* court?

---

[4]    In the papers they have submitted in connection with the jurisdictional dispute at issue, the defendants leap to the conclusion that the plaintiff's "inclusion of the managerial employee [now known to be Diane Lee] adds absolutely nothing to Plaintiff's case." <u>See</u> Defs.' Opp'n to Pl.'s Mot. for Leave to Amend at 2. This notion understates the technicality of a legal argument that required a twenty-five-page motion to dismiss in this Court. As a court of constitutionally limited jurisdiction, this Court has no obligation to entertain the defendants' forum-shopping efforts by determining whether the plaintiff's claim against a building *manager* for a grievous death at the manager's *building* is so clearly devoid of merit as to not even warrant consideration by an appropriate state court. To the contrary, for whatever the ultimate merits of the plaintiff's claims against the building manager, there is good reason to leave that determination to a Louisiana court of comparative expertise in Louisiana law.

*     *     *

As noted above, the facts giving rise to this jurisdictional food fight are relatively straightforward.

A man's death in an accidental fall gave rise to colorable state-law tort claims.  The plaintiff advancing those claims intended to sue the manager of the building where the accident occurred, who may have been personally involved in creating the dangerous condition that allegedly contributed to the accident, and may have had reason to suspect that such an accident could have occurred without additional warning or protective measures. The defendants nonetheless chose to withhold the identity of the manager – *who they knew to be nondiverse from the plaintiff* – in hopes of securing federal removal jurisdiction.  Upon removal, the defendants assailed the plaintiff's motive for wishing to name the manager and created extra expense – in the form of four substantial motions – for all involved.

Considering that chain of events and the factors laid out by the Fifth Circuit in <u>Hensgens</u>, and because the plaintiff's proposed amendment of her pleadings would enable her to pursue state-law claims against a nondiverse defendant in state court, the plaintiff's motion for leave to amend her complaint is GRANTED. Because that amendment deprives this Court of subject matter jurisdiction, the plaintiff's motion to remand must also be GRANTED.

6

This action is accordingly REMANDED to the appropriate Louisiana state court. All remaining motions are DENIED AS MOOT.

*So ordered.*

New Orleans, Louisiana, April 14, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE